UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIM MCLANAHAN,

Plaintiff,

vs.

MISCELLANEOUS DEFENDANTS.

11-CV-3087-EFS
11-CV-3097-EFS
11-CV-370-EFS
11-CV-371-EFS
11-CV-374-EFS
11-CV-375-EFS
11-CV-376-EFS
11-CV-377-EFS
11-CV-379-EFS
11-CV-380-EFS
11-CV-381-EFS
11-CV-382-EFS
11-CV-383-EFS
11-CV-388-EFS
11-CV-391-EFS
11-CV-392-EFS
11-CV-393-EFS
11-CV-398-EFS

**ORDER DISMISSING ACTIONS AND ORDERING PLAINTIFF TO SHOW CAUSE**

Plaintiff Tim McLanahan has filed the eighteen above-listed lawsuits during the past several weeks. On September 2, 2011, Mr. McLanahan filed 11-CV-3087-EFS. On September 22, 2011, Mr. McLanahan filed 11-CV-3097-EFS. On October 4, 2011, Mr. McLanahan filed 11-CV-370-EFS and 11-CV-371-EFS. On October 5, 2011, Mr. McLanahan filed 11-CV-374-EFS, 11-CV-

375-EFS, 11-CV-376-EFS, and 11-CV-377-EFS. On October 6, 2011, Mr. McLanahan filed 11-CV-379-EFS, 11-CV-380-EFS, 11-CV-381-EFS, 11-CV-382-EFS, and 11-CV-383-EFS. On October 7, 2011, Mr. McLanahan filed 11-CV-388-EFS, 11-CV-391-EFS, 11-CV-392-EFS, and 11-CV-393-EFS. Finally, on October 13, 2011, Mr. McLanahan filed 11-CV-398-EFS. All of the complaints in these actions are handwritten, and those that have a completed civil cover sheet all list the nature of the action as "380 - Other Personal Property Damage."

In each lawsuit, Mr. McLanahan seeks to proceed in forma pauperis under 28 U.S.C. § 1915. The Court has carefully reviewed each complaint filed by Mr. McLanahan and, for the reasons discussed below, dismisses all but one complaint.

## I. LAWSUITS FILED BY MR. MCLANAHAN

The following is a brief synopsis of each lawsuit filed by Mr. McLanahan:

### A. *McLanahan v. Moses Lake Police Department*, CV-11-3087-EFS.

This action against the Moses Lake Police Department (MLPD) appears to allege a consipiracy between the MLPD, Mr. McLanahan's father, several branches of the United States Government, and private industry. Nothing recited therein rises to the standard of stating a plausible claim for relief as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), amendment would be futile, the complaint is frivolous, and this case is thus dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### B. *McLanahan v. United States Government, et al.*, CV-11-3097-EFS.

This action against the United States and United States President Barack Obama appears to allege a conspiracy between Mr. Obama and various international groups. The complaint is twenty-one pages long and contains 307 pages of attachments. This complaint does not state a cognizable claim for relief in the federal courts and is thus dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. *McLanahan v. Cottonwood Kennels*, CV-11-370-EFS.**

This action against a Yakima, Washington animal-boarding kennel alleges that the kennel owner violated the relevant standard of care when boarding Mr. McLanahan's cat. While this complaint may state a cognizable claim of relief, it appears to assert only a state-law negligence claim and does not identify a basis for federal jurisdiction. Accordingly, this complaint is dismissed for lack of jurisdiction.

**D. *McLanahan v. United States Government et al.*, CV-11-371-EFS.**

This action appears to name as Defendants the United States, the Department of Homeland Security (DHS), Moses Lake Port District, and several local airports in Eastern Washington. The complaint appears to allege that these airports have conspired to interfere with Mr. McLanahan's well-being in various ways. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**E. *McLanahan v. Obama*, CV-11-374-EFS.**

This action against United States President Barack Obama expresses Mr. McLanahan's views on a number of subjects including Mr. Obama's heritage, Mr. Obama's views on homosexuality, mercury poisoning, and the propriety of trying 9/11 terrorists before military tribunals. This

complaint does not state a cognizable claim for relief in the federal courts and is thus dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. *McLanahan v. United States Government, et al.*, CV-11-375-EFS.**

This action against the United States Government, DHS, and other entities appears to allege a conspiracy to profit from the illegal use of information in a book written by Mr. McLanahan. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**G. *McLanahan v. United States Government, et al.*, CV-11-376-EFS.**

This action against the United States Government, DHS, and all United States citizens recounts an incident in which Mr. McLanahan struck an object with his car while traveling on Interstate 90, and alleges that the object was placed there as part of a conspiracy to injure or kill Mr. McLanahan. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**H. *McLanahan v. United States Government, et al.*, CV-11-377-EFS.**

This action appears to allege a conspiracy by various entities to appropriate content from a book written by Mr. McLanahan, and recounts the incident referenced in CV-11-376-EFS. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**I. *McLanahan v. Obama*, CV-11-379-EFS.**

The complaint in this action is identical to that in CV-11-374-EFS, and for the reasons discussed above, this case is dismissed.

**J. *McLanahan v. McLanahan*, CV-11-380-EFS.**

Mr. McLanahan filed this action against Mr. McLanahan's brother Larry McLanahan, the Moses Lake Clinic, Grant County Mental Health, the MLPD, and one B.J. Diining. The complaint alleges that MLPD illegally arrested and detained Mr. McLanahan after he requested medical records from Grant County Mental Health. Construed with the utmost liberality, this complaint states a plausible claim for relief under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and is not dismissed. However, the complaint as written does not comprise a short and plain statement showing that Mr. McLanahan is entitled to relief, and must be amended or it will be dismissed.

Accordingly, Mr. McLanahan may file an amended complaint within **sixty (60) days** of the date of this Order. Such amended complaint must include specific facts to establish federal subject-matter jurisdiction and contain allegations that, if proven true, would entitle him to relief. Mr. McLanahan shall allege with specificity:

(1) the names of the persons who caused or personally participated in causing the alleged violation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Mr. McLanahan alleges is unconstitutional.

Mr. McLanahan shall set forth these factual allegations in separate numbered paragraphs. The amended complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Pursuant to Local Rule 10.1, the amended complaint must be legibly written or typed, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must

be clearly labeled the "FIRST AMENDED COMPLAINT" and contain cause number CV-11-380-EFS in the caption. **PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. § 1915(e)(2)(B)(ii).**

**K. *McLanahan v. Cascade and Senator Apts.*, CV-11-381-EFS.**

This action alleges that the management of Cascade and Senator Apartments, LLC has placed surveillance cameras in Mr. McLanahan's room and is broadcasting these signals to various wireless communication devices. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**L. *McLanahan v. Obama et al.*, CV-11-382-EFS.**

This lawsuit against United States President Barack Obama, the United States Government, and all United States citizens appears to allege a conspiracy against Mr. McLanahan by members of the media and government, and the theft of Mr. McLanahan's patents. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**M. *McLanahan v. All Wireless Companies*, CV-11-383-EFS.**

This action filed against "All Wireless Companies" appears to allege a conspiracy to appropriate content from a book written by Mr. McLanahan. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**N. *McLanahan v. Starbucks*, CV-11-388-EFS.**

This one-page complaint alleges that the coffee company Starbucks makes individuals sick by selling milk products. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**O. *McLanahan v. All Wireless Phone Text Phone Makers*, CV-11-391-EFS.**

This one-page complaint appears to allege that companies that manufacture and sell wireless communication devices have conspired with terrorist organizations and MLPD to harass Mr. McLanahan. For the same reason that the Court dismisses CV-11-3087-EFS, this case is dismissed.

**P. *McLanahan v. Washington State Employment Security*, CV-11-392-EFS.**

The complaint in this action against the Washington State Department of Employment Security (WSES) alleges that WSES told him he needed certain equipment in order to work, sent him to job sites that had already hired for the day, and conspired to give preferential treatment to Hispanic applicants, and seeks damages of 450 billion dollars. Even construed with extreme liberality, this complaint does not state a plausible claim for relief and is dismissed for the same reason that the Court dismisses CV-11-3087-EFS.

**Q. *McLanahan v. U.S. Government I.R.S.*, CV-11-393-EFS.**

The complaint in this action against the United States Internal Revenue Service describes a conspiracy between United States Government officials to levy illegal taxes and use them to fund wars. This complaint does not state a cognizable claim for relief in the federal courts and is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**R. *McLanahan v. Moses Lake Police Department*, CV-11-398-EFS.**

The complaint in this action against the MLPD and Grant County Mental Health appears to allege a conspiracy between the MLPD, Grant County Mental Health, Mr. McLanahan's neighbors, and Mr. McLanahan's parents to harass Mr. McLanahan and to share his private medical records with members of the public. Even construed with extreme liberality, this

complaint does not state a plausible claim for relief and is dismissed for the same reason that the Court dismisses CV-11-3087-EFS.

**S. Conclusion**

For the foregoing reasons, the Court finds that amendment of all of the complaints described above, with the exception of CV-11-380-EFS, would be futile, and the complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)B). If he wishes to, Mr. McLanahan may file an amended complaint in *McLanahan v. McLanahan*, CV-11-380-EFS.

## II. LITIGATION BAR

Federal courts have inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). This inherent power is to be used only in exigent circumstances and with particular caution. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). To ensure that this extreme remedy is used appropriately, the Ninth Circuit developed the following four requirements that must be met before a district court imposes a litigation bar: 1) the litigant must be given notice that a filing injunction is being considered and an opportunity to be heard; 2) the court must develop an adequate record reflecting an abuse of the judicial system; 3) the court must make a substantive finding that the litigant's actions are frivolous or harassing; and 4) the court must limit the filing bar to closely fit the offending conduct. *DeLong*, 912 F.2d at 1147-48.

**The Court hereby gives Mr. McLanahan notice that it is considering imposing a one-year bar against his filing of any action against any of the Defendants named in the above lawsuits.** Mr. McLanahan has filed eighteen actions in this Court since September 2, 2011. For the reasons noted above, sixteen of these actions are dismissed as frivolous and one is dismissed for lack of jurisdiction. In light of this record of abusive litigation, **the Court believes that a litigation bar enjoining Mr. McLanahan from filing any action against any of the named defendants in the above-discussed actions for one year is merited, and hereby orders Mr. McLanahan to show cause why such an Order should not issue. Mr. McLanahan shall file a notice with the Court within thirty (30) days of entry of this Order, under cause number CV-11-380-EFS, explaining why he should not be barred from filing further actions against these defendants for one year.** Any such lawsuit that Mr. McLanahan files before filing such notice will be presumed to be filed in bad faith and will not be accepted for filing.

## III. CONCLUSION

For the reasons discussed above, the Court dismisses all but one of Mr. McLanahan's lawsuits, CV-11-380-EFS. Mr. McLanahan may file an amended complaint in this matter within sixty (60) days of entry of this Order.

Mr. McLanahan shall also file a notice in cause number CV-11-380-EFS showing cause why he should not be barred from instigating further litigation against any of the named defendants in the dismissed matters for one year. Mr. McLanahan shall file such notice within thirty (30) days of entry of this Order.

Accordingly, **IT IS HEREBY ORDERED:**

1. The following actions are **DISMISSED: 11-CV-3087-EFS, 11-CV-3097-EFS, 11-CV-370-EFS, 11-CV-371-EFS, 11-CV-374-EFS, 11-CV-375-EFS, 11-CV-376-EFS, 11-CV-377-EFS, 11-CV-379-EFS, 11-CV-381-EFS, 11-CV-382-EFS, 11-CV-383-EFS, 11-CV-384-EFS, 11-CV-388-EFS, 11-CV-391-EFS, 11-CV-392-EFS, 11-CV-393-EFS**, and **11-CV-398-EFS.**

2. The files in the above-listed matters shall be **CLOSED.**

3. Mr. McLanahan may file an amended complaint in 11-CV-380-EFS. **If Mr. McLanahan fails to file an amended complaint within sixty (60) days, this matter will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).**

4. **Mr. McLanahan shall file a notice in cause number 11-CV-380-EFS within thirty (30) days showing cause why he should not be barred from filing any futher lawsuits against Defendants named in the dismissed complaints for one year.**

**IT IS SO ORDERED.** The District Court Executive is directed to provide a copy of this Order to Mr. McLanahan at his last known address.

**DATED** this 13th day of October 2011.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\380.dism.show.cause.lc2.wpd